IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY WAYNE KOZLOWSKI,

                Plaintiff,              OPINION AND ORDER

v.

                                             16-cv-478-wmc

GREGORY VAN RYBROEK, *et al.*,

                Defendants.

---

In this civil action under 42 U.S.C. § 1983, *pro se* plaintiff Gregory Wayne Kozlowski brought constitutional challenges to restrictions placed on his telephone, mail, and visitation privileges at the Mendota Mental Health Institute ("Mendota") after his involvement in an escape attempt on July 9, 2014. On November 14, 2018, the court issued an opinion and order concluding that while the outgoing mail restriction violates Kozlowski's First Amendment rights, defendants are immune from liability for money damages. With respect to Kozlowski's request for injunctive relief, the court set deadlines for the parties to submit their positions on appropriate language that would permit Kozlowski to send mail to certain DOC prisoners, county jail inmates and DHS patients. If necessary, the court further set this matter for a January 4, 2019, telephonic hearing to address the parties' positions.

Since then, Kozlowski has filed a motion for reconsideration (dkt. #51), and the parties have each filed their respective positions with respect to injunctive relief (dkt. ##49, 53). Having reviewed those submissions, the court will deny Kozlowski's motion for reconsideration, but agrees that Kozlowski is entitled to injunctive relief. Furthermore,

the court will impose that permanent injunction, and strike the January 4, 2019, telephonic hearing.

I. **Motion for reconsideration (dkt. #51)**

While not styled as a motion, Kozlowski's November 29, 2018, filing will be treated as one, since he essentially seeks to alter or amend the court's finding that defendants are entitled to qualified immunity. As such, the court must evaluate the motion under Federal Rule of Civil Procedure 59(e), which permits the court to alter or amend a judgment "when there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). Yet "[a] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

Kozlowski does not point to any error of law or fact, nor has he come forward with new evidence that would impact the court's conclusion. Instead, he makes three arguments equally lacking in merit. First, he argues that the court should have scrutinized defendant Van Rybroek's decisions to a greater degree because he has a background as a lawyer. However, qualified immunity is *not* subjective; it turns on the "objective reasonableness of the action." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citation omitted). Second, Kozlowski claims that he has rights under Wis. Stat. § 51.61, which waives Wisconsin's sovereign immunity under certain circumstances. While that statute permits Kozlowski *to sue* the State, it does not eliminate the qualified immunity defense available to Wisconsin

2

state actors. Third, Kozlowski argues that this court should not have relied on cases involving prisoners, since he is subject to civil commitment and, as defendants concede, courts have yet to explicitly define the "contours of civilly detained persons' right to free speech." *Riley v. Doyle*, No. 06-cv-574-C, 2006 WL 2947453, at *4 (W.D. Wis. Oct. 16, 2006). Even if Kozlowski's First Amendment rights as a patient at Mendota are more expansive than prisoners' rights, however, he has the same problem, since he is only confirming he not shown that such rights are clearly established. Accordingly, plaintiff's November 29, 2018, motion to alter or amend the court's finding that the individual defendants are entitled to qualified immunity as to monetary damages will be denied.

## II.  Responses Regarding Permanent Injunction (dkt. ##49, 53)

Defendants respond to the court's order as to prospective relief by arguing that Kozlowski's request for a permanent injunction is now moot, and thus the court should close this matter. Specifically, they explain that on November 19, 2018, defendants lifted the restriction on Kozlowski's outgoing mail completely. Kozlowski does not dispute that the restriction has been lifted, and so the question is whether his request for injunctive relief is, in fact, moot.

In an action for injunctive relief, the requirement of a live controversy "ordinarily means that, once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006). Yet "[c]ourts are skeptical when a defendant seeks dismissal of an injunctive claim as moot on the ground that it has changed its practice while reserving the right to go back

3

to its old ways after the lawsuit is dismissed." *Ciarpaglini v. Norwood*, 817 F.3d 541, 544 (7th Cir. 2016). Accordingly, the "'heavy burden' of persuading the court that the challenged conduct 'cannot reasonably be expected to start up again' lies with the party asserting mootness.'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693 (2000)); *see also Milwaukee Police Ass'n v. Jones*, 192 F.3d 742, 748 (7th Cir. 1999) ("Voluntary cessation of allegedly illegal conduct does not render a case moot unless the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated.'"); *Jones 'El v. Berge*, 164 F. Supp. 2d 1096 (W.D. Wis. 2001) (granting preliminary injunction barring housing of certain mentally ill patients at Supermax and prohibiting transfer of two mentally-ill patients *back to* Supermax).

Still, the court may find the case moot "if subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably expected to recur." *Ciarpaglini*, 817 F.3d at 545 (quoting *United States v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968))); *Milwaukee Police Ass'n*, 192 F.3d at 748 ("'The necessary determination is that there exists some cognizable danger of recurring violation, something more than the mere possibility which serves to keep the case alive.'") (quoting *W.T. Grant*, 345 U.S. at 633)). Here, Kozlowski's *only* claim for injunctive relief relates to the outgoing mail restriction that was imposed first in July of 2014, and until last month, it had not been modified since the August 2, 2016, ("Client Rights Limitation or Denial" ("August 2016 CRLD"). (Dkt. #12-5 .)

In support of their position that Kozlowski's claim for injunctive relief is moot, defendants submitted a declaration from defendant Dr. Paul Lane, who explains exactly how and why the CRLD was finally lifted four weeks ago. Dr. Lane avers that Mendota's Program Director, Treatment Team and Administration have all agreed to lift that CRLD, and Kozlowski now has the ability to send mail to whomever he chooses. (Lane Decl. (dkt. #50) ¶¶ 3, 8.) Lane further explains that these determinations were made after Kozlowski started meeting with a psychologist in supportive meetings, resulting in his transfer from a maximum to a medium security unit after exhibiting reasonably stable behavior. Finally, Lane avers that the timing of the decision to lift the August 2016 CRLD -- just days after this court held that it violated Kozlowski's First Amendment rights -- was "coincidental."

In response, Kozlowski does not disagree with defendants' representations, nor has he averred that there is a possibility that Mendota staff will re-impose August 2016 CRLD. Instead, Kozlowski raises a tangentially related concern about his mail that is addressed below. Still, defendants have not met their heavy burden of showing that his request for injunctive relief is moot.

To begin, given the court's explicit holding that the August 2016 CRLD violates Kozlowski's First Amendment rights (11/14/18 Order (dkt. #48) at 22), the court cannot help but be skeptical about Dr. Lane's representation as to the timing of Mendota's change of perspective five days later. Still, the court would hope that defendants would be disinclined to subject themselves to possible individual liability by re-imposing the exact ban on outgoing mail to Mendota patients, DOC inmates and county jail inmates outlined in August 2016, at least without the introduction of new facts supporting such a restriction

in light of the court's November 14 decision. That said, there is simply no evidence before the court confirming that defendants will not do just that after this case is dismissed. In particular, neither Dr. Lane nor any other defendant explicitly avers that staff will not take such action or even acknowledge the new, defined constraints on their doing so. Accordingly, defendants have not met their burden to establish that Kozlowski's request for injunctive relief is moot.

That leaves the court with the same question it presented in its November 14 order: how to craft an appropriate permanent injunction. While both sides declined to provide any guidance on how the court should craft the injunction, it would appear that a straightforward and narrow injunction that tracks the court's November 14 holding is appropriate: any restriction on Kozlowski's outgoing mail must be tied to an actual and legitimate safety or security threat posed by Kozlowski's actual behavior, not based simply on defendants' "suspicions," legitimate or not, about Kozlowski's intentions in sending mail. Therefore, the court concludes that defendants will be enjoined from re-imposing a CRLD identical or similar to the August 2016 CRLD, such that they are prohibited from banning Kozlowski from sending mail to DHS patients, DOC prisoners and county jail inmates, absent a showing that Kozlowski's efforts to send those recipients mail presented an actual threat to institution safety or security.

Before concluding, two additional points are necessary. First, while Kozlowski neither contradicts defendants' filings nor suggests that he is currently unable to send mail, his response raises an issue about a recent attempt to send a letter. (Dkt. #53.) Specifically, Kozlowski claims that he attempted to send a letter to another Mendota

patient, James Szulczewski, but it was returned to him, apparently because Szulczewski's treatment team determined that he could not receive the letter. Kozlowski submitted the returned letter to the court, accompanied by a note that reads: "Received this [] -- please return to Greg." (Dkt. #53-1.) That note appears to confirm Kozlowski's suspicion that a decision was made at Mendota to preclude Szulczewski from opening the letter.

While Kozlowski may believe that the returned letter indicates that he is still not able to send mail, his submissions confirm the opposite. Indeed, his mail was actually sent, even though the recipient was not allowed to open it. Based on the record of this case, the court surmises that Mendota staff made this decision when it reached the intended recipient on the basis of institution security concerns with respect to Szulczewski. Indeed, given that a "James S." had been implicated in the 2014 escape attempt (*see* 10/31/2017 Order (dkt. #24) at 7), Szulczewski is likely that same "James S.," and Mendota staff may have determined that Szulczewski could not receive correspondence from Kozlowski. However, that determination -- related to *Szulczewski*'s right to receive mail -- is unrelated to Kozlowski's rights to *send* mail. Szulczewski's right to receive mail, if any, is not part of this lawsuit. Accordingly, the court will not opine on or interfere with that decision in this proceeding and will take no action with respect to this letter.

That leads to the second point. This lawsuit is now complete. Going forward, unless Kozlowski has a good faith belief that defendants are violating the terms of the narrow injunction that will be entered today, this court cannot address his general concerns with his mail in this lawsuit. Therefore, if Mendota staff imposes a *new*, outgoing mail CRLD based on Kozlowski's future actions, and Kozlowski believes that its adoption violates the

7

specific terms of the injunction entered today, he will not be able to obtain relief by filing a further motion in this lawsuit. To challenge any other actions by defendants in federal court, he will need to file a separate lawsuit.

ORDER

IT IS ORDERED that:

1. Construing plaintiff Gregory Kozlowski's response to the court's order as a motion to alter or amend, (dkt. #51) that motion is DENIED.

2. The court enters the following permanent injunction: Defendants are enjoined from re-imposing the August 2016 CRLD banning Kozlowski from sending mail to DHS patients, DOC prisoners and county jail inmates, absent a specific finding that Kozlowski's efforts to send mail to those recipients presented a threat to institution safety or security.

3. The clerk of court is DIRECTED to strike the January 4, 2019, telephonic hearing, enter judgment accordingly and close this case.

Entered this 19th day of December, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge